**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **BENJAMIN WATSON,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 5:13-cv-48 (MTT)** |
| | : | |
| **JASON MEDLIN, Warden, and** | : | |
| **BRIAN OWENS, Commissioner,** | : | **Proceedings Under 28 U.S.C. § 2254** |
| **Respondents.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## <u>RECOMMENDATION</u>

Before the Court is Petitioner Benjamin Watson's 28 U.S.C. § 2254 petition seeking habeas corpus relief and his motion for hearing. Docs. 1, 15. Also before the Court is the motion to dismiss the petition as untimely filed by Respondents Jason Medlin and Brian Owens. Doc. 8. Because Petitioner failed to file his section 2254 petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because Petitioner failed to establish adequate grounds for equitable tolling, it is **RECOMMENDED** that the petition be **DISMISSED** as time-barred. In view of the recommendation to dismiss the petition as untimely, it is **FURTHER RECOMMENDED** that Petitioner's motion for hearing be **DENIED** as moot.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On December 19, 2000, a grand jury in the Superior Court of Houston County indicted Petitioner for one count of felony murder, one count of malice murder, one count of aggravated assault, and one count of possession of a knife during the commission of a felony. On June 28, 2001, a jury convicted Petitioner of felony murder, aggravated assault, and possession of a knife during the commission of a felony. The Superior Court of Houston County sentenced Petitioner to life imprisonment for felony murder and five consecutive years for possession of a knife

during the commission of a felony. The one count of aggravated assault merged into the one count of felony murder for sentencing purposes.

On January 18, 2008, the Superior Court of Houston County granted Petitioner's motion for leave of court to file an out-of-time motion for a new trial. Petitioner filed his motion for new trial that same day. Petitioner amended his motion for new trial on April 20, 2009 and April 28, 2009. The Superior Court of Houston County denied Petitioner's motion for new trial on February 9, 2010. On June 17, 2010, the Superior Court of Houston County granted Petitioner's motion to file an out-of-time appeal.

The Supreme Court of Georgia unanimously affirmed Petitioner's conviction on March 25, 2011. Watson v. State, 289 Ga. 39 (2011). On April 5, 2011, Petitioner filed a motion for reconsideration, which was dismissed as untimely on April 12, 2011. There is no indication that Petitioner ever filed either a petition for certiorari in the United States Supreme Court or a state habeas corpus petition. On February 3, 2013, Petitioner executed his 28 U.S.C. § 2254 petition seeking federal habeas corpus relief. Respondents filed an answer and moved to dismiss the petition as untimely. Petitioner responded in opposition to the motion to dismiss.

<u>DISCUSSION</u>

The Antiterrorism and Effective Death Penalty Act (AEDPA) "imposes a one-year statute of limitations on all federal habeas corpus petitions." San Martin v. McNeil, 633 F.3d 1257, 1265 (11th Cir. 2011). Under the AEDPA, a petitioner who is seeking a federal writ of habeas corpus must file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The one-year limitations period may be triggered by other events described in 28 U.S.C § 2244(d)(1)(B)-(D); however, none of those grounds are applicable in this case.

When a judgment becomes "final" under 28 U.S.C. § 2244(d)(1)(A) depends on whether a petitioner pursues or forgoes a direct appeal to the United States Supreme Court. <u>Gonzalez v. Thaler</u>, 132 S.Ct. 641, 653 (2012). For those petitioners who pursue a direct appeal to the United States Supreme Court, "the judgment becomes final at the 'conclusion of direct review'—when [the United States Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." <u>Id</u>. For all other petitioners, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the United States Supreme Court], or in state court, expires." <u>Id</u>. at 653-654.

In this case, Petitioner pursued a direct appeal. On March 25, 2011, the Supreme Court of Georgia affirmed Petitioner's conviction. Because Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, his conviction became final upon the expiration of time for pursuing direct review in the United States Supreme Court. <u>Gonzalez</u>, 132 S.Ct. at 653-654. After carefully reviewing the record, it appears that Petitioner's time for pursuing direct review in the United States Supreme Court expired no later than June 23, 2011, the date that the ninety-day period during which Petitioner could have filed a petition for writ of certiorari in the United States Supreme Court expired. <u>McCloud v. Hooks</u>, 560 F.3d 1223, 1227 (11th Cir. 2009); <u>Pugh v. Smith</u>, 465 F.3d 1295, 1299 (11th Cir. 2006). Because Petitioner's conviction became final on June 23, 2011, Petitioner had until June 23, 2012 to file his section 2254 petition in this Court. Petitioner did not execute his section 2254 petition until February 3, 2013, which is approximately 225 days after the limitations period had expired. Accordingly, the record establishes that Petitioner failed to file his federal habeas corpus petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

The record also establishes that Petitioner did not submit "a properly filed application for State post-conviction or other collateral review" in order to toll the one-year limitations period. 28 U.S.C. § 2244(d)(2); see also Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for the Section 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."). Petitioner did not file any type of application for state post-conviction or other collateral review. The lone motion filed by Petitioner after the Supreme Court of Georgia affirmed his conviction on direct appeal, his untimely motion for reconsideration, was not properly filed. Assuming for the sake of argument that Petitioner's motion for reconsideration, which the Supreme Court of Georgia dismissed as untimely on April 12, 2011, constituted a properly filed application for state post-conviction or other collateral review, his section 2254 petition nevertheless would remain untimely. That is, even if the Court calculated the one-year limitations period for Petitioner to file his section 2254 petition using April 12, 2011 as the operative date, the one-year limitations period for filing his federal habeas corpus petition already expired several months before Petitioner executed his section 2254 petition on February 3, 2013. The same result would occur if Petitioner chose to file a state habeas corpus petition now. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004), citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

In addition to the statutory tolling provided in 28 U.S.C. § 2244(d)(2), the AEDPA's one-year limitation period is subject to equitable tolling in certain extraordinary cases. See generally Holland v. Florida, 130 S.Ct. 2549 (2010). A petitioner seeking federal habeas corpus relief in the Eleventh Circuit is entitled to equitable tolling only if he establishes: "(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Hutchinson, 677 F.3d at 1100, quoting Holland, 130 S.Ct at 2562 (quotation marks omitted). Petitioner bears the burden of showing that equitable tolling applies in his specific case. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). If Petitioner makes no effort to demonstrate that he meets the necessary criteria, he is ineligible for equitable tolling. Sibley, 377 F.3d at 1204. In this case, Petitioner has made no effort to demonstrate that he is entitled to equitable tolling of the one-year limitations period. Petitioner has failed to plead or proffer sufficient facts to show that he exercised "reasonable diligence" in pursuing his rights or that some "extraordinary circumstance" stood in his way. San Martin, 633 F.3d at 1267. Consequently, the record establishes that Petitioner has not shown adequate grounds for equitable tolling.

## CONCLUSION

Because the record establishes that Petitioner failed to file his section 2254 petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because the record also establishes that Petitioner failed to establish adequate grounds for equitable tolling, it is hereby **RECOMMENDED** that Respondents' motion to dismiss (Doc. 8) be **GRANTED** and that the petition be **DISMISSED** as time-barred. In view of the recommendation to dismiss the petition as untimely, it is **FURTHER RECOMMENDED** that Petitioner's motion for hearing (Doc. 15) be **DENIED** as moot.

Additionally, and pursuant to the requirements of Rule 11(a) of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-

484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, it is **ALSO RECOMMENDED** that the Court **DENY** a certificate of appealability in its final Order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of January, 2014.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge